# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LEROY COLLINS,

       Plaintiff,                  :        Case No. 3:06-cv-059

                                      District Judge Walter Herbert Rice
   -vs-                             Chief Magistrate Judge Michael R. Merz

                            :

WILLIAM T. DALY,

       Defendant.

## REPORT AND RECOMMENDATIONS

This action is before the Court for review prior to issuance of process.  Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.  28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal --
>     (I) is frivolous or malicious;
>     (ii) fails to state a claim upon which relief can be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).   In deciding whether a complaint

is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong.  Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F. 2d 1221, 1226 (9th Cir. 1984).  The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349.  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F. 2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

In the Complaint, Plaintiff alleges that Defendant Daly was appointed to represent him on direct appeal from his criminal conviction and committed legal malpractice in the course of that representation.  Noting that a criminal defendant is entitled to the effective assistance of counsel on appeal, Plaintiff also alleges that Defendant Daly's malpractice deprive him of this constitutional right.  Plaintiff seeks monetary damages and an injunction preventing Defendant Daly from being appointed to represent any African-American criminal defendants in the future.

Federal courts have jurisdiction of claims arising under state law only if the parties are citizens of different States.  28 U.S.C. §1332.  To the extent that Plaintiff asserts a legal malpractice claim arising under the law of Ohio, this Court does not have subject matter jurisdiction of the claim because both Mr. Collins and Mr. Daly are residents of Ohio.  Any Ohio legal malpractice claim must be brought in state court.

To the extent Mr. Collins seeks to assert a constitutional claim against Mr. Daly, such a claim would arise under federal law. 42 U.S.C. §1983 creates a cause of action for claimants deprived of their constitutional rights by persons acting under color of state law. However, the United States Supreme Court has expressly held that appointed defense counsel in criminal cases do not act under color of state law. *Polk County v. Dodson* 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Therefore the Complaint does not state a claim for relief against Mr. Daly under 42 U.S.C. §1983.

It is accordingly respectfully recommended that the Complaint herein be dismissed without prejudice for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.

March 8, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Collins v. Daly 01.wpd